## J. C. WOOTERS v. C. A. HALL.

(Case No. 1648.)

1. PRESUMPTION OF A POWER.— Though the statute provided that the sale of real estate belonging to a county should be made by public auction by some commissioner appointed for that purpose (Pasch. Dig., 1052), yet a grantor donating land to a county could, in the instrument creating the right, impose conditions for its disposition by county officers in some other manner ; and where the conveyances of such land thus granted by an individual to a county were made for portions thereof for a period of over forty years by the chief justices and county commissioners of the county, and the records had been burned, leaving no evidence of the character or terms of the original grant to the county, the presumption will be indulged that these officers acted in pursuance of the powers contained in the grant to the county.

ERROR from Houston. Tried below before the Hon. John R. Kennard.

*J. R. Burnett,* for plaintiff in error.

*W. A. Stewart,* for defendant in error.

STAYTON, ASSOCIATE JUSTICE.— The terms and conditions under which the land on which the town of Crockett was located was conveyed by Gossett to the officers in trust for the county are not shown, nor is it shown what power the instrument by which the conveyance was made gave to the members of the county court and their successors in office.

The grantor could confer upon them such powers as he saw proper, and place such limitations as to the manner and persons by whom it should be disposed of as in his judgment or will was necessary.

In such case the expressed will of the donor would control the matter, although in the instrument by which he conveyed the land he provided a method for its disposition other than that prescribed by statute for the ordinary conveyance of property belonging to the county.

The statute does provide for the sale of any real estate belonging to a county at public auction by a commissioner appointed by the county court. Pasch. Dig., 1052. Under this statute it was in effect held that a county could not at private sale dispose of real estate belonging to it in payment of a debt, and that a deed made by the clerk, under the order of the county court, for such purpose, did not pass title to the land. Ferguson v. Halsell, 47 Tex., 422.

In the case before us it appears that the defendant in error holds the lot in controversy through a deed made by the chief justice and county commissioners, executed in 1854. It is shown that from the year 1837 such has been the manner in which lots in the town of Crockett have been conveyed, and in fact the deed through which the plaintiff in error claims the property was made by the same officers.

The records of the county seem to have been several times destroyed, and with them the conveyances made by Gossett to the officers of the county court.

The acts of public officers are to be presumed to have been done in the proper manner and in the exercise of legitimate power, unless the contrary be shown; and under the facts of this case, nothing to the contrary appearing, it is to be presumed that the conveyance made by Gossett to the county officers and their successors, in trust for the county, gave power to those officers to sell and convey in the manner which they are shown to have pursued for nearly a half of a century; or that by the proper orders of the county court those officers sold and conveyed the land as commissioners in accordance with the provisions of the statute; for it would seem that the number of commissioners would be unimportant, and there is nothing to disqualify county officers from the performance of such acts, if appointed thereto.

Notwithstanding the lot in controversy may have been originally, by number, located at a place different to that to which the number was subsequently applied, yet it is not perceived that such fact would affect the title of the defendant in error to the lot last designated, those from whom she acquired title having purchased since the lot was located at the place where it is now claimed to be. The last location makes the lot the southeast lot in the town, whereas, before the change was made, and the row of half lots, of which that in controversy is one, was added to the town proper, some lot in the block owned by the plaintiff in error was the southeastern lot in the town. The change in the southeastern corner of the town in no way affected the right of plaintiff in error to have the lots which he had purchased, but it could not extend his right so as to embrace land which he had never bought, and which did not appear even to be a part of the block which he owned.

There was a conflict of evidence as to whether the lot of defendant in error would embrace the improvements made by the plaintiff in error. Much of the evidence bearing upon the facts necessary to the true location of the lots is of an unsatisfactory character on

either side, but it cannot be said that the finding of the court in this respect is without evidence sufficient to support it.

The question whether the plaintiff in error was a holder in good faith was one to be determined by the court. The evidence bearing upon that question, in addition to the fact that the plaintiff in error showed no title to the property in controversy, was conflicting, and this being true, the finding of the court below must be deemed conclusive of this question.

The judgment and conclusions of law given by the court, taken together, must be construed as a finding that the plaintiff in error was not a holder in good faith, and therefore not entitled to pay for improvements.

The petition alleged that on the 1st day of January, 1879, she was in possession of the lot in controversy, at which time she was dispossessed by the defendant. The cause was tried on the 29th September, 1882, and the judge found rent against the defendant for fifty-five months at the rate of $4 per month, and rendered judgment for $220. This was error; for there was no pleading which would have justified a judgment against the defendant for more than forty-five months' rent. The court, however, without any pleading to justify it, computed rent from 23d February, 1878.

The defendant in error remits $33 of the judgment on account of other matters than the over computation of time for which rent should be allowed. The judgment will be reversed, and here rendered for the defendant in error for the lot in controversy and for $147 damages, the same being the amount adjudged below, less the amount remitted, and the further sum of $40, excess of rent for which judgment was rendered below.

It is accordingly so ordered.

REVERSED AND RENDERED.

[Opinion delivered February 1, 1884.]