ANNA M. RICE *vs.* JOHN M. KELSET and others.

February 10, 1890.

**Correction of Recorded Plat.**—Owners of land caused it to be platted as an addition, caused duplicate plats to be made and recorded,—one as an original, the other as a certified copy. In the original the lots in one block were, by mistake, incorrectly numbered, but were correctly numbered in the other. The owners sold lots by the numbering on the copy, but in conveying described them by the numbers according to the original, the parties not knowing of the mistake in it. *Held*, in an action by

the owners against all the other parties interested in the block, that the court might direct the original to be corrected so as to number the lots as they had been intended to be numbered.

Appeal by plaintiff from a judgment of the district court for Ramsey county, *Brill, J.*, presiding. None of the defendants appeared in that court or in this.

*John B. Sanborn* and *W. K. Gaston,* for appellant.

GILFILLAN, C. J. The owners of the land included within "Edmund Rice's Fourth Addition" made duplicate plats thereof, or what were intended and supposed to be duplicates, each of which was duly executed, attested, certified, and acknowledged, and certified as accepted and approved by the plat commission of the city of St. Paul, who certified on one that it was a true and correct copy of (the other) an original plat of said addition, and which plats were recommended by the city engineer for acceptance by the common council, who thereupon accepted the same, and the two were filed for record in the office of the register of deeds of the county, who placed the one taken as the original on record as such in the book of original town plats, and the other as a certified copy in the book of certified copies of town plats. Though, as we understand, there was at that time no statute requiring that certified copies of town plats should be filed and recorded, we infer that it had been and was the practice in Ramsey county. In the certified copy the lots in block 4 were numbered consecutively from 1 to 32, inclusive; there being 32 lots, and no more, in the block. The numbering commenced at one corner of the block, with lot 1, and was carried down that side of the block, and back on the other, ending with lot 32. In that taken and recorded as the original, the numbering commenced at the same corner with lot 1, and was carried down the same side, and back on the other, but by mistake No. 4 was omitted and "5" placed on the lot which should have been marked "4;" thus, 1, 2, 3, 5. From that on, the numbers are consecutive, and end with 33. So that after No. 3 the numbers of the lots do not correspond with those on the certified copy, which has the correct numbers, and those intended by the owners. Some 13 lots have been sold, the sale in each instance, as shown by the proofs, being according to the numbering on the certi-

fied copy, the parties not having discovered the mistake in the numbering of the original. All parties interested are before the court as plaintiffs or defendants, the action having been brought by the owners for the purpose of having the mistake in the original corrected. The court below dismissed the action, because in its opinion the case does not come within its general authority.

The confusion and mistakes and complications that may arise in titles and conveyances of lots in the block are obvious. If it be in the power of the court to arrest the mischief now, to anticipate and prevent the evils sure to arise from the present condition of the plats, of course it ought to do so. In one view of the case, which, probably, was not suggested to the court below, it comes clearly under one of the best-known heads of equity jurisprudence,—jurisdiction to correct mistakes in deeds and written instruments, so as to make them conform to what the parties to them intended. Each of the conveyances was in terms made to convey the lot described according to the recorded plat,—the original of the duplicates,—when the parties to the conveyance intended another lot, to wit, the lot bearing the same number on the certified copy. Thus the deed to the defendant Johnson conveys in terms lot 21 according to the numbering on the original plat, whereas the parties intended lot 21 as numbered on the certified copy, which lot is number 22 on the original, so that the mistake in the original makes the deed convey a lot which the grantors did not intend to convey, nor the grantee to buy; and it is the same with each of the conveyances. Either the grantors or the grantee might maintain an action against the other to correct the description in the deed. That can most readily be done by going to the source of the mistake, the erroneous plat, which, by reference, is part of the deeds, and making that conform to what the parties supposed it to be. The deeds will then be correct, and will convey the property intended; and, though all parties interested in the block are before the court, no one objects to that course. True, that plat is a public record, but it is one in which private persons have rights, and the public is in no way interested in the matter in respect to which the correction is asked. As to that, the owners of the lots alone are interested. The objection that the plat sought to be cor-

v.42m—33

rected is a public record loses much of its force when we consider that, in the mode pointed out in the statute, (Gen. St. 1878, c. 29, §§ 12–14,) the court may *alter* or vacate a town plat or any portion thereof, on the application of the proprietor.   In that manner this plat might have been altered in the particular asked for, on the application of the parties to this action.   We think the court ought to have directed the plat to be corrected to make the numbering of the lots in the original the same as in the certified copy; but, as the decree can affect only the parties and their privies, it should be done in such manner as to show not only the numbering as corrected, but the original numbering.

Judgment reversed.