## GILBERT v. WILLIAMS.

1. TOWN PLATS—JURISDICTION—AMENDING.

The circuit court has no jurisdiction to correct a mistaken description of a plat of a portion of a township, upon a petition to vacate, filed in accordance with the provisions of 1 Comp. Laws, § 3376.

2. REFORMATION—MISTAKE—CONVEYANCE—PLATS.

The circuit court in chancery, on a cross-bill filed in a suit to remove a cloud on complainant's title to lands within a corrected plat, has jurisdiction to reform the original plat, and vacate the revised plat.

Appeal from Muskegon; Sessions, J.    Submitted April 24, 1909.    (Docket No. 79.)    Decided June 7, 1909.

Bill by Edwin S. Gilbert against James H. Williams and others to set aside a correction of a recorded plat. From a decree dismissing the bill, complainant appeals. Reversed, and decree entered correcting the misdescription in said plat.

*Chamberlain & Walker*, for complainant.

*Nims, Hoyt, Erwin, Vanderwerp & Foote*, for defendants.

OSTRANDER, J.    James H. Williams owned lots 1 and 2 on section 1 in the township of White River, in Muskegon county.    In 1896 he sold and conveyed to one Charles Heeg:

" Lots one (1) and two (2) of section No. one (1), * * * except the part platted and recorded part thereof known and described as Nahant Beach.    Also all that part of section No. one (1) aforesaid known and described as Nahant Beach, platted and duly recorded in the register's office of the said county of Muskegon, on the 27th day of January, A. D. 1894, in Liber 3 of Plats on page 55 except lots numbered 7, 8, 9, 10, 11 and 12, block ten (10), and lots numbered 7, 8, 9, 10, 11 and 12 of block eleven (11), and lots numbered 7 and 8 of block twelve (12), according to said recorded plat."

Later, Heeg conveyed to complainant the same description of land.    In February, 1902, Williams, proceeding under 1 Comp. Laws, §§ 3376, 3377, filed a petition in the circuit court for the county of Muskegon, alleging that he was owner of three of the 14 lots reserved as above, certain proceedings in the year 1894 to plat Nahant Beach, that a mistake was made in the description of the land in the recorded plat, the names and residences of owners of the lots and land affected, including complainant, descriptions of the land owned by each, the making of a revised and corrected plat, but upon a

scale of 160 feet to the inch, instead of 120 feet to the inch, as in the recorded plat, having written upon it a true, full, detailed, and correct description of the land actually surveyed and platted.   He prayed that, upon due proofs being produced, an order might be made to file of record the new plat, and that the same stand and be known as the revised and corrected plat of Nahant Beach, section 1, town 11 north, range 18 west.   The order prayed for was made, and the new plat was recorded.

Complainant had no actual notice or knowledge of this proceeding.   Learning some time later about the proceedings and the new plat, he filed his bill to set aside the proceedings, all action taken or had by virtue of the order granted, and for general relief.   To the bill he made Williams and the other lot owners defendants with proper averments of their alleged interests, and charged that what had been called "Nahant Beach" had never any legal existence, and all conveyances of any division or subdivision as lots or blocks in Nahant Beach were void.   It is charged, also: That the proceedings to correct said alleged plat were null and void because the court, acting in that behalf, was without jurisdiction in the premises; that there was never any legal survey made, no proper markings of corners or of streets and alleys; and that the original plat so-called was a fiction, but because of the record said plats were a cloud upon his title, interfered with his platting and disposal of the land in whole or in parts, without an apparent incumbrance resulting from said plats.   Four of the defendants jointly answered the bill, denying its material averments and the right of complainant to any relief. Proofs were taken in open court and a decree entered dismissing the bill.   A written opinion was filed, in which decision was rested upon the grounds:   That complainant's conduct was unconscionable; that the plat complained about worked no injury or injustice to him, while to vacate it without correcting the original plat would work an irreparable injury to defendants, and that com-

plainant, in order to do equity, must consent to a correction of the original plat. It is not determined whether the proceedings to correct the plat were effectual. It is found that the land described in the first, or 1894, plat is one-half mile west of the property claimed to have been platted, and that this misdescription was a mistake. It is found that in making the 1894 plat the land was surveyed, accurate measurements made, and monuments placed to mark boundaries, corners, angles, and street and alley intersections, and that the plat and dedication recorded complied in all respects with the statute. Neither plat appears in the record.

A comparison of the descriptions of the land as given in the plats shows a difference of 50 feet in the described length of the west line of the platted land. This may have come from a mistake in adding known measurements for the purpose of describing the land originally platted. There is testimony supporting such a conclusion. Upon the whole the preponderance of the testimony favors the conclusion that the two plats refer to the same property, that this property was surveyed and measured in the year 1894, and that it is true that the only difference is in the description of the land platted, which difference consists in describing the starting point in the first plat as a point on the west line of section 1, town 11 north, range 18 west, and in the new plat, and correctly, as a point on the west line of lot 2, section 1, etc. To this conclusion the appellees agree. It does not appear that according to the new, or last, survey, or by the new or revised plat, any block, lot, street, or alley, appearing upon the first plat, was vacated or altered, or that any dimension, course, or distance indicated upon the first plat was changed upon the second. It necessarily follows that the only relief sought in the statute proceedings was the correction of a mistake in the description, in the plat, of the land platted and in the record of such plat. It was not then a proceeding to alter or vacate a plat or survey or any part thereof, within the meaning of the statute. It can hardly

be said that the record made in the course of those proceedings and by the recording of the second or revised plat does not apparently affect the title of complainant to the remainder of the lots in Nahant Beach and the other land conveyed to him. An intending purchaser of any of his property might well demand explanation of an abstract of title which indicated the matters so appearing of record. It is true he might have asked specifically that the mistake in the description of the land be corrected in the plat and in the record thereof. So, also, defendants were at liberty to seek such relief by an answer in the nature of a cross-bill. Complainant prays for general relief. The testimony shows the true state of affairs.

We find, against the claim of complainant: That there was originally a survey, measurements, and platting of certain property; the plat to be called and known as "Nahant Beach;" that by mistake the land actually platted was wrongly described in the map thereof, which was made and recorded; and that complainant purchased with actual knowledge of the platting, but not of the misdescription. We find that the statutory proceedings referred to were ineffectual to correct such misdescription because it appeared upon the face of the petition filed therein that the court had no jurisdiction in that behalf, and that no relief which the court had jurisdiction to give was asked for; but we know of no good reason for reversing the decree below without also determining and settling the rights of the parties to this litigation, as those rights have been made to appear.

A decree will be entered in this court reversing the decree below, vacating the last or revised plat of Nahant Beach and the record thereof, and correcting the misdescription of land in the first plat and in the record thereof. Neither party will recover costs of this court or of the circuit court.

BLAIR, C. J., and MONTGOMERY, HOOKER, and BROOKE, JJ., concurred.