## CAMP v. HAWLEY INDEPENDENT SCHOOL DIST.

(Court of Civil Appeals of Texas. Ft. Worth. June 15, 1912. Rehearing Denied Oct. 19, 1912.)

SCHOOLS AND SCHOOL DISTRICTS (§ 30*)—TERRITORIAL EXTENT AND BOUNDARIES.

A call for the H. Survey No. 250 in the field notes of a school district as actually entered on the minutes of the commissioners' court, which would exclude from the district the H. survey No. 251, described and called for in the petition for formation of the district, as situated in the southwestern corner of the desired district, and necessary to the district in order to conform to the calls for distance along its west line and with the rectangular outline of the district as prayed for and as required by law, will be considered as evidently a clerical mistake.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. § 50; Dec. Dig. § 30.*]

Error to District Court, Jones County; Jno. B. Thomas, Judge.

Action by the Hawley Independent School District against Morgan Camp. Judgment for plaintiff. Defendant brings error. Affirmed.

Kirby & Davidson, of Abilene, T. A. Bledsoe, and Theodore Mack, of Ft. Worth, for plaintiff in error. Clint Chambers and J. W. Boynton, both of Anson, for defendant in error.

CONNER, C. J. This writ of error has been prosecuted from a judgment in defendant in error's favor for the sum of $27.67 taxes, with foreclosure of tax lien upon two certain parcels of land owned by plaintiff in error and part of the Stephen Hale survey No. 251 in Jones county.

It is agreed that the only question for determination is whether the Stephen Hale survey No. 251 is included within the boundaries of the Hawley independent school district; the undisputed evidence upon all other issues being such as to authorize the recov-

ery. We have carefully considered the evidence, and feel no hesitation in concluding that the judgment is fully supported. In the petition for the formation of the district the Stephen Hale survey No. 251 was described and called for as being situated in the southwest corner of the desired district. This survey is necessary to the district in order to conform to the calls for distance along its west line and with the rectangular outline of the district as prayed for and as required by the law. The call for the Stephen Hale survey No. 250, immediately adjoining the Stephen Hale survey No. 251 on the east, in the field notes of the district as actually entered upon the minutes of the commissioners' court, is evidently a clerical mistake, for to exclude survey No. 251, thus placing survey No. 250 in the southwest corner, is not only to disturb other calls for distance and the general configuration of the district, as stated, but would also require a distinct departure in the course of the west line of the district in direct conflict with its call.

We conclude that the only material issue was rightly determined, and that the judgment must be affirmed.