**STATE ex rel. BRAUER et al. v. CITY OF DEL RIO et al.**

**No. 1516.**

Court of Civil Appeals of Texas. Eastland.

Feb. 14, 1936.

288

Julian La Crosse, Dist. Atty., and Jones & Jones, all of Del Rio, and Morriss & Morriss, of San Antonio, for appellant.

Roger H. Thurmond, of Del Rio, and Robert M. Lyles, of Conroe, for appellees.

FUNDERBURK, Justice.

This is an action of quo warranto brought by the state of Texas by Julian La Crosse, District Attorney, on the relation of L. D. Brauer and. others, against the city of Del Rio and officials thereof, for the primary purpose of testing the validity or effectiveness of an ordinance of said city passed May 8, 1934, fixing the boundary limits of said city so as to be co-extensive with the boundaries described in the ordinance under which said city,.in 1918, adopted its charter in pursuance of the authority of the home rule amendment to the Constitution (article 11, § 5) and the Enabling Act of the Legislature, designed to give effect to said constitutional amendment, passed in 1913. (Vernon's Ann.Civ.St. c. 13, art. 1165 et seq.). The purported effect of the ordinance was to include within the city limits about 4 square miles of territory which an ordinance of October 11, 1921, had attempted to exclude.

The court sustained a number of exceptions to plaintiff's petition, and thereafter upon a nonjury trial gave judgment against the plaintiff and for the defendants. The plaintiff has appealed.

The questions presented involve the action of the court in sustaining exceptions to the plaintiff's petition. In testing such action, the allegations of the petition must, of course, be taken to be true. According to said pleading, Del Rio attempted to incorporate in 1905, with boundaries including about 9 square miles of territory. This attempted incorporation was declared invalid by judicial decree. Thereafter, it was incorporated with about 5 square miles of territory. Such was its status when in 1918, being a city with a population of over 5,000 inhabitants, it adopted a new charter as a home rule city. The ordinance, in pursuance of which said charter was adopted, instead of setting out the boundaries of the city at the time of such action, by mistake of some clerk, had copied therein the boundaries of the old invalid incorporation of 1905. It therefore included about 4 miles of territory that was not within the city limits of Del Rio at the time it availed itself of the right to adopt its own charter. This error was not discovered until some time in 1921. When it was discovered and litigation was threatened because thereof, the city board, on October 11, 1921, passed two ordinances to correct the error. One ordinance in terms excluded from the boundaries of the city the territory thus mistakenly included in the description of such boundaries, and the other in terms redefined the boundaries of the city so as to exclude said territory. Thereafter, and until about May 8, 1934, such excluded territory was in no way regarded as a part of said city. On said May 8, 1934, the city board, acting upon advice of counsel to the effect that the true limits of the city were those described in the ordinance under which the home rule charter was adopted, and that the said ordinances of October 11, 1921, were void, passed an ordinance purporting to redefine the limits of said city so as to include such formerly excluded territory; to declare said ordinances of October 11, 1921, void; and to declare that thereafter the property situated in said area should be subject to taxation and the jurisdiction of the city. There were other allegations to the effect that the approximately 2,500 acres of land involved, most of which was owned by the relators and the remainder by others similarly situated, was nonurban, irrigated farm lands, adjoining the city on its south and west and forming no part of the actual city, intended for no city use, and not expected to become part of the city within any reasonable. time.

The effect of the court's action in sustaining the exceptions was to hold that plaintiff was entitled to no relief by reason of such facts.

■ We think the relators were entitled to relief under the facts alleged independently of any of those powers of a strictly governmental nature delegated by the Constitution and laws to a city. Incident to the exercise of all such powers and rights was the power and duty of the city to make its official records truly speak the action of the city board. The power given by the Constitution and law to the city of Del Rio to adopt its charter was a power available to said city as it existed at the time of such adoption. It then had boundaries which were a part of its identification. It was the city as identified by such boundaries that adopted the charter. As said by Judge Dibrell in Ralls et al. v. Parrish, 105 Tex. 253, 147 S.W. 564, 566, "Where a town is duly incorporated, it is embraced within definite metes and bounds." The mere error of a clerk in inserting other boundaries would not have the effect of changing this essential means of the identification of the city. There is no occasion to consider, if, with the purpose and intent to do so, the charter could have been adopted with the identity of the city so changed as to include about 4 square miles of area not theretofore a part of the city. The fact is that there was under the allegations of the petition no such intention, but the intention was not to do so.

■ We have found very little authority to support this conclusion. The law of mistake generally relates to contracts. With reference to mistake of a scrivener, Corpus Juris declares that: "Wherever an instrument is drawn with the intention of carrying into execution an agreement previously made, but which by mistake or inadvertence of the draftsman or scrivener, either as to law or fact, does not fulfill the intention of the parties, but violates it, there is ground to correct the mistake by reforming the instrument." 53 C.J. p. 932, § 51. And further: "The mistake of a scrivener, although it be a mistake of law, in drawing up an instrument, whereby he fails to carry out the previous agreement of the parties may be corrected." 53 C.J. p. 938, § 57; Benson v. Ashford (Tex.Civ. App.) 216 S.W. 283. The principle governing the correction of mistakes as applied to contracts has been also applied to

'articles of incorporation (Millspaugh v. Cassedy, 191 App.Div. 221, 181 N.Y.S. 276); plats of land (Gilbert v. Williams, 157 Mich. 226, 121 N.W. 739; Rice v. Kelset, 42 Minn. 511, 44 N.W. 535); and to a report of commissioners of partition (Pulliam v. Wilkerson, 7 Baxt.(Tenn.) 611.) Note 53 C.J. 922. In Camp v. Hawley Independent School Dist. (Tex.Civ. App.) 150 S.W. 486, the description of a school district, as it appeared of record excluded certain lands of Mr. Camp, who in a suit to enjoin the collection of school taxes thereon was held to be entitled to no relief because the description was held to be a clerical error.

■ If parties injured by the mistake in the description of the city's boundary lines had the right of reformation, which we think they did have, then certainly it seems to us that the city council under its duty to keep correct records of its proceedings had the right, as in effect it did, to correct the mistake by causing its records to reflect the boundaries of the city which had availed itself of the right to adopt its charter. The mistake might just as well have been the inclusion of the boundaries of Val Verde county. Surely in that case the city authorities would not have been powerless to correct the error, and because thereof make necessary a recourse to the courts. Under this view, the authority for the ordinances was not referable to that for the exclusion of a part of the territory of the city, but to correct the records of the city board's official action.

■■ If, however, the city board had no such power, then its action in the adoption of said ordinances of October 11, 1921, must be referable to the power, if any, to discontinue a part of the territory embraced in the limits of the city. R.S. 1925, art. 973, fully authorized such action, if the city of Del Rio at the time had the power which before the adoption of its home rule charter it had under the general laws of the state. One of the powers the city acquired, if embraced within its charter, was that provided in R.S.1925, art. 1177. That is to say, it had all powers granted any city by general law or special law. Courts take judicial notice of the charter of a home rule city. Section 82 of the charter provides: "All rights reserved or granted to cities of 5,000 population under the general laws of the State of Texas not otherwise set out herein shall be reserved to the city and shall

be as fully operative as though herein specifically set forth." No serious question can be made, we think, that this provision of the city's charter in connection with said article 1177 fully vested the city with express authority to discontinue the territory in question.

 This conclusion is in no way affected by any question of validation. In the first place, the boundaries of a city are in no proper sense a part of the charter. If they are, then the boundaries could not be changed oftener than every two years. There is no such limitation on the powers of a city to change its boundary lines. Therefore, a validating statute having reference to the validation of city charters is not a validation of boundary lines unless expressly so. Vernon's Ann. Civ.St. art. 1174b does have express reference to annexation proceedings, but by its own terms it is so limited that it would not apply to a city having more than 5,000 population according to the 1920 federal census, which the allegations of plaintiff's petition show that Del Rio did have. At any rate, a validating act could not have the effect to revive a clerical error which the city council had corrected prior to the enactment of the validating statute.

The only other question we need to determine is whether the ordinance of May 8, 1934, was valid or effective to include the formerly excluded territory, regardless of the fact that its exclusion was lawful. We think it clear in the first place that by ordinance the governing authorities of the city of Del Rio did not attempt to exercise its power to annex territory not at the time a part of the city. On the contrary, we think it shows an effort on the part of the city to correct what it conceived to be a mistake, just as was done in the passage of the ordinances of October 11, 1921. Since, as we hold, the last-named action was valid, then the action involved in the passage of the ordinance of May 8, 1934, was invalid.

If, however, this conclusion is not correct, then we think there can be no doubt that, under the allegations of the plaintiff's petition, the inclusion of something like 2,500 acres of nonurban agricultural land, never a part of the city, and never intended to be such, was beyond the power of the city to include within its limits. State ex rel. v. Eidson, 76 Tex. 302, 13 S.W. 263, 7 L.R.A. 733; State v. Baird,

79 Tex. 63, 15 S.W. 98; Ewing v. State, 81 Tex. 172, 16 S.W. 872; Ralls v. Parrish, 105 Tex. 253, 147 S.W. 564; State v. Hoard, 94 Tex. 527, 62 S.W. 1054; McClesky v. State, 4 Tex.Civ.App. 322, 23 S.W. 518; Merritt v. State, 42 Tex. Civ.App. 495, 94 S.W. 372; State v. Polytechnic (Tex.Civ.App.) 194 S.W. 1136; Tod v. City of Houston (Tex.Com.App.) 276 S.W. 419; State v. Stein (Tex.Com. App.) 26 S.W.(2d) 182; City of Waco v. Higginson (Tex.Com.App.) 243 S.W. 1078; Eastham v. Steinhagen, 111 Tex. 597, 243 S.W. 457; Cohen v. City of Houston (Tex. Civ.App.) 205 S.W. 757. In some of the cases cited the inclusion of some agricultural land has been sustained, but not, we think, under any state of facts similar to that admitted by the exceptions in this case. There would be at least an issue of fact tendered by the pleadings which, if true, demonstrates the error of the court in sustaining the exceptions. See Merritt v. State, supra.

It is, therefore, our conclusion that the judgment of the court below should be reversed, and the cause remanded, which is accordingly so ordered.