## COLLINS v. HERBERT et ux.
### No. 12080.

Court of Civil Appeals of Texas. Galveston.
March 31, 1949.

Rehearing Denied April 28, 1949.

Otis Scruggs, Jr., of Houston, for appellant.

James Abney, of Houston, for appellees.

MONTEITH, Chief Justice.

This action was brought by appellant, Aline Collins, in statutory form of trepass to try title for recovery from appellees, Eno Herbert and Estelle Herbert, his wife, of Lot No. 8 of the Harris and Wilson Survey in the City of Houston in Harris County, Texas. Appellees answered by pleas of not guilty. They specially plead the ten-year Statute of Limitation, Vernon's Ann.Civ. St. art. 5510, and by cross-action sought recovery of the property sued for subject to a life estate in appellant in a three-room cottage located thereon. They plead a mutual mistake in the description of the property sued for in a deed from appellant conveying the property to them and sought a reformation clearly describing the property conveyed.

In a trial before the court judgment was rendered that appellees recover the title and possession of the property sued for in their cross-action subject to the right of appellant and her assigns to freely use a three-room cottage located thereon during her life. The description of the property was corrected and reformed in the judgment rendered so as to correctly describe the property sued for. No findings of fact or conclusions of law were requested by the parties or filed by the trial court.

It was stipulated by the parties that Joe and Clem Winters were the common source of title.

By instrument dated May 29, 1922, Joe and Clem Winters conveyed the property in controversy to W. M. Collins and wife for the stated purpose of correcting the description in a deed to them dated February 23, 1920. The property conveyed is described in this instrument and in the judgment rendered as "Beginning at a stake which is 426.3 feet east of the west line of said Lot 8 and 24 feet east of the northeast corner of Joe Winters' 3.2 acre tract. Thence south 68 feet to a stake. Thence east 165.4 feet to a stake on Joe Winters' east line and E. V. Ley's west line. Thence north with said Ley's west line 68 feet to an iron pipe, said Ley's northwest corner. Thence with Winters' north line west 165.4 feet to the place of beginning".

By instrument dated September 29, 1932, Aline Collins, acting individually and as community survivor for herself and her

deceased husband, W. M. Collins, conveyed the land sued for to appellee Eno Herbert. In this instrument the property was described as being "68 x 165.4 feet of Lot eight (8) in the Second Tier of the Harris and Wilson Two League Grant, North side of Buffalo Bayou, in the City of Houston, together with all improvements thereon situated. The said property fronting 165.4 feet on Farmer Street and extending back 68 feet for depth." The consideration recited in the deed was the assumption of two promissory notes of respectively $1183.93 and $100. The instrument expressly provided that the grantor reserved for herself a life estate in the property conveyed, with the right to use and occupy same during her natural life.

Appellee, Eno Herbert testified that he took possession of the property immediately after it was conveyed to him and his wife and that they had occupied and claimed it as their homestead since that time. It was undisputed in the record that he had paid the full consideration called for in the deed and that he made substantial improvements thereon in excess of the sum of $600 in building a small house on the property immediately after his purchase of the property which had been occupied by appellant and her tenants since that time. John B. Pendarvis, an attorney, testified that the deed from appellant to appellees was prepared and executed in his office. He identified his signature to the acknowledgement, but testified that he had no independent recollection of the transaction.

It is undisputed in the record that the property involved in this action is commonly known as "5016 Farmer Street" although it is some 50 feet from Farmer Street. However, the deed from appellant conveying the property to appellees in which certain indebtedness on the land sued for was assumed by appellees, refers to a deed of trust which contains a correct description of the property in question. It is undisputed in the record that appellant intended to convey the property sued for to appellees. The small house on the property was constructed by appellees immediately after their purchase of property and has been in the exclusive possession of appellant and

her tenants in accordance with the provisions of the purchase since that time. There is no evidence in the record of an adverse claim of the property by appellant until a short time before this suit was filed.

It is the settled law in this State that "the statute of frauds is not regarded as affecting the right to reformation of an instrument relating to the sale of land, or as creating any restriction on the authority of a court of equity to grant such relief." Gilbert v. Smith, Tex.Com.App., 49 S.W.2d 702, 704, 86 A.L.R. 445.

In the case of Bordovsky et al. v. Dougherty et al., Tex.Civ.App., 106 S.W.2d 779, it is said that like a conspiracy, a mutual mistake is generally established from facts and circumstances surrounding the parties and that the courts of Texas have long since recognized the equitable rule that deeds and other contracts in writing may be corrected by a court of equity because of a mutual mistake on the part of the parties thereto. (Citing authorities.)

In the case of State ex rel. Brauer v. City of Del Rio, Tex.Civ.App., 92 S.W.2d 287, it was held that a mistake in an instrument which was drawn with the intention of carrying into execution an agreement which had been previously made but which, by mistake or inadvertence of draftsman, does not fulfill intention of parties, either as to law or fact, may be corrected by reforming the instrument.

Since this case was tried before the court without a jury and no findings of fact were requested by the parties or found by the trial court, all disputed issues of fact, including the fact that through mutual mistake of the parties the property conveyed was erroneously described by the scrivener as well as the facts necessary to establish appellees' title thereto under the ten-years statute of limitations must be presumed to have been resolved by the trial court in support of the judgment rendered. Trigg v. Franbo, Tex.Civ.App., 184 S.W.2d 666, Machicek v. Renger, 185 S.W.2d 486, error refused; Prichard v. Farmer's Co-op, Tex.Civ.App., 183 S.W.2d 240; 3 Tex.Jur. 507.

It follows, we think, that the judgment of the trial court must be in all things affirmed.