## HARRIS COUNTY v. JONES et al.
### No. 12079.

Court of Civil Appeals of Texas. Galveston.
April 7, 1949.

Rehearing Denied April 28, 1949.

A. C. Winborn, Cr. Dist. Atty., W. K. Richardson, Asst. Cr. Dist. Atty., Knipp & Broady, and Ernest A. Knipp, all of Houston, for appellant.

Alpha, Brunson & Morris, of Houston, for appellees.

MONTEITH, Chief Justice.

This action was brought by appellees Alice L. Jones and her husband, E. R. Jones, for the specific performance of an agreement made by appellant, Harris County, to reconvey to appellees ten-acres of land in Harris County upon the tender by appellees to the County of the consideration recited in said agreement.

Harris County answered by general denial and by a plea that the agreement relied upon by appellees was void. It specially plead that appellees' cause of action was barred by various statutes of limitations and by their long continued delay and laches in bringing this action.

In a trial before the court without a jury, judgment was rendered that appellees recover from appellant the southwest ten-acres, in the form of a square, of a 100 acre tract of land which had been conveyed

to Harris County by appellees by deed dated July 11, 1921, subject to a 20 foot easement in favor of the County and that appellant recover the $1000 deposited in the registry of the court by appellees. No findings of fact or conclusions of law were requested by the parties or filed by the trial court.

It is undisputed in the record that on July 11, 1921, appellees conveyed to Harris County 100 acres of land out of the Reels and Trobough League Survey in Harris County and that the deed contains the following agreement: "As part of the consideration for this conveyance, grantee has agreed and such agreement is evidenced by the acceptance hereof, that grantors, at any time, upon tender of One Thousand ($1000.00) Dollars to grantee, shall be entitled to have reconveyed to them 10 acres in the form of a square out of the southwest corner of the tract hereinabove conveyed."

On April 10, 1946, appellees tendered to Harris County the sum of $1000 and requested that a conveyance of the 10 acres of land referred to in the deed of July 11, 1921, be made to them. The clerk of the Commissioners Court of Harris County returned the check to appellees' attorney. On January 2, 1948, appellees filed this action and deposited the sum of $1000 in the registry of the court to be paid to appellant upon the delivery to them of a conveyance of said ten-acre tract of land pursuant to the terms of the agreement in said deed.

Appellant predicates its appeal upon two points. Under its first point of appeal it contends that under Article 1577, R.C.S., which provides that a Commissioners Court may, by an order entered in its minutes, appoint a Commissioner to sell and dispose of its real estate at public auction and that the court erred in holding that the Commissioners Court of Harris County had the power and authority to enter into an agreement with appellees binding the County to reconvey the 10 acres of land in controversy to appellees "at any time hereafter."

Under its second point of appeal Harris County complains of the action of the trial court in holding that appellees' cause of action, if any there was, was not barred by laches and limitations.

Appellant's contention under its first point that a County can only convey its land at public auction through a commissioner appointed for that purpose cannot, we think, be sustained.

It is the established law in this state that a sale contract may contain an agreement by the purchaser to reconvey the property to the vendor, or that it may include an option giving the vendor the right to repurchase the property if he so elects, Howard v. Kopperl, 74 Tex. 494, 5 S.W. 627; Phoenix Land Co. v. Exall, Tex.Civ.App., 159 S.W. 474, and that an option to repurchase is, in itself, a contract which has the effect of making the entire transaction a conditional sale. 43 Tex.Jur. 137, Sec. 85.

In the case of Knox v. Brown, Tex.Com. App., 16 S.W.2d 262, 265, the Commission of Appeals in an opinion approved by the Supreme Court held that an option to repurchase property sold to another is a contract to do a certain thing within a certain time. And that, "A conditional sale puts the title of the property in the grantee, and gives the grantor the right to repurchase it for a certain price within a certain time."

In the case of Szanto et al v. Pagel, Tex. Civ.App., 47 S.W.2d 632, which involved a contract to exchange lands but provided for no specific time in which to cure defects in the titles, it was held that the question of reasonable time to perform an obligation was one of fact.

Further, while said Article 1577 relied on by appellant provides that the Commissioners Court may, by an order entered in its minutes, appoint a commissioner to sell and dispose of any real estate of the County at public auction, it was held by the Supreme Court of this State in the case of Wooters v. Hall, 61 Tex. 15, that a donor of land to a County might provide for a different method of disposition than that now provided by said Article 1577. In the instant case, Harris County entered into a written contract, under sufficient consideration, to transfer

the 10 acres in question to appellees upon the payment of $1000. They are, we think, bound by this agreement under the rule announced in the recent case of Guadalupe-Blanco River Authority v. City of San Antonio, 145 Tex. 611, 200 S.W.2d 989, 996. In that case the City of San Antonio claimed that a lease it had made on certain property was void because it had not been approved by the qualified voters of the City, as provided by statute. It was undisputed that the lease was a part of the consideration under which the City had acquired title to the property. The Supreme Court in its opinion said "The lease was a part of the burden which the City assumed in the acquisition of the property. Under the circumstances the City acquired the property subject to this encumbrance. * * * We therefore hold that it was not necessary to secure the approval of the qualified voters in order to authorize the execution of the lease contract." (Citing authorities.)

In the instant case, Harris County acquired title to the 100 acres, of which the 10 acres in question is a part, burdened with the obligation to reconvey the southwest 10 acres upon tender of $1000. The reconveyance of this 10 acres upon the payment of the recited consideration was a part of the consideration for the entire tract and the County was, we think, bound by the obligation.

Appellant plead delays and laches as a defense to appellees' cause of action. However, no injury or disadvantage was alleged to have resulted from the claimed delay and the record fails to show any injury, disadvantage or change in the use or condition of the property which would have been prevented by an earlier assertion of appellees' claim for a reconveyance of the 10 acre tract.

Since this case was tried before the court without a jury and no findings of fact were requested by the parties or found by the trial court, all disputed issues of fact, including the fact that appellees' tender of the repurchase price and the request for reconveyance of the property was made within a reasonable time, must be presumed to have been resolved by the court in support of the judgment rendered. Trigg v. Frambo, Tex.Civ.App., 184 S.W. 2d 666; Machicek v. Renger, Tex.Civ.App., 185 S.W.2d 486, error refused; Prichard v. Farmers Coop., Tex.Civ.App., 183 S.W.2d 240, 243, 3 Tex.Jur. 507.

Appellant's contention that appellees' cause of action was barred by limitation cannot, we think, be sustained for the reason that limitation did not begin to run against appellees until April 10, 1946, the date when appellant first repudiated its agreement to reconvey the 10 acres in question to appellees, and this action was filed on January 2, 1948.

In the absence of a finding of fact by the trial court which would have caused limitation to begin to run against appellees prior to the date they tendered appellant $1000 and requested a reconveyance of the 10 acres which was refused, limitation would not, we think, have begun to run prior to that date.

It follows, we think, that judgment of the trial court must be in all things affirmed.