**J. C. WILLIAMS, Appellant,**

v.

**BANKERS FIRE AND MARINE INSURANCE CO., Appellee.**

No. 3250.

Court of Civil Appeals of Texas.

Waco.

March 31, 1955.

Rehearing Denied April 21, 1955.

D. Dalford Todd, Dallas, for appellant.

Ewing Jones, Dallas, for appellee.

HALE, Justice.

Appellant brought this suit to recover on a fire insurance policy issued by appellee covering a 1939 model Schult House Trailer and household goods. The parties stipulated that the policy was in full force and effect when the insured property was destroyed by fire. Appellee defended on the grounds that appellant wilfully burned the insured property and that he failed to furnish proof of loss as required by the policy contract. Trial was without a jury and resulted in judgment that appellant take nothing.

As we understand his brief, appellant contends in substance that the trial court erred in refusing to render judgment in his favor and by rendering judgment in favor of appellee, because there was no evidence showing that he wilfully burned the insured property and because the evidence shows conclusively that appellee waived the policy requirement for proof of loss.

There was evidence that the trailer was bought by appellant on May 22, 1952 for $180, was insured on July 10, 1952, for $750 and was burned on July 24, 1952, the fire occurring in the middle of the night at about 12:15 o'clock. There was evidence that the trailer was moved to the location where the fire occurred about one week prior to the occurrence of the fire; that appellant usually bought one gallon of kerosene at a time for use in his oil burning stove; but that, on the last occasion prior to the fire, he bought three gallons of kerosene. There was evidence that appellant borrowed a cart a few hours prior to the fire, and that no couch, springs, dishes or other debris which does not burn out of sight was found in the ashes of the trailer after the fire. James R. Perdue testified that he was arrested in connection with the burning of the trailer and that appellant had offered him $100 on the morning of the trial "to come up here on the witness stand and say he had insured the trailer for $750.00." The record discloses that appellant refused to sign his deposition and that he refused to give a specimen of his signature in court at the trial of the case. He testified that he was convicted of attempted robbery in Arkansas in 1945.

The burden of proving a charge of arson in a civil case, such as is now under consideration, rests upon the insurance company, since the presumption is against a loss by fire having been caused by the insured's own wilful or intentional act. But as said in 24 Tex.Jur., p. 1252, Sec. 390: "It is not necessary, however, that such proof meet the requirements of a criminal prosecution, even though a charge that a crime has been committed is involved; rather a preponderance of the evidence is sufficient, and this may be by way

744

of circumstantial evidence, although the presumption of innocence of fraud must be indulged."

In the absence of any findings of fact, as in this case, it must be presumed upon appeal that the trial court resolved all issuable facts in such manner as to support the judgment appealed from, and if there is proper evidence in the record to sustain the judgment on any theory raised by the pleadings, it should not be disturbed by an appellate court. North East Texas Motor Lines, Inc., v. Dickson, 148 Tex. 35, 219 S.W.2d 795, pt. 1, 11 A.L.R.2d 1065; City of Galveston v. Winslow, Tex.Civ.App., 218 S.W.2d 508, pts. 1 and 2 (er. ref. n. r. e.); Chanowsky v. Friedman, Tex.Civ.App., 219 S.W.2d 501, pt. 7 (er. ref. n. r. e.); Harris County v. Jones, Tex.Civ.App., 219 S.W.2d 737, pt. 4 (er. ref. n. r. e.); Collins v. Herbert, Tex.Civ.App., 219 S.W.2d 814, pt. 3 (er. ref. n. r. e.). From the record before us, we cannot say there was no evidence in this case showing or tending to show that appellant wilfully burned his insured property or that the circumstances in evidence were insufficient to support an implied finding of fact to that effect.

The policy sued upon contained the usual provision making the furnishing of proper proof of loss a condition precedent to the enforcement of liability for loss under the policy. Therefore, if in fact appellant failed to furnish proof of loss, then as a matter of law he failed to establish a right to any recovery under the policy unless the furnishing of the proof of loss was waived by appellee. Commercial Union Assur. Co. v. Preston, 115 Tex. 351, 282 S.W. 563, pts. 4 and 5, 45 A.L.R. 1016.

Although appellant alleged in his original petition, filed on December 18, 1954, and upon which the case was tried, that he had furnished proper proof of loss to appellee, he admitted in his testimony on the trial that he had not done so. He argues in his brief, however, that appellee waived the furnishing of a proof of loss because its adjuster knew appellant

was confined in jail on a charge of arson for approximately ten months after the fire occurred, and that by reason thereof he could not furnish such proof of loss while he was so confined in jail, that the adjuster did not bring him any form for making the proof of loss and that the adjuster would not have accepted the proof of loss even if it had been tendered to him. We cannot agree with such argument on behalf of appellant. In our opinion, the evidence as a whole did not show conclusively that appellee ever intended at any time to relinquish its right to rely upon the policy provision relating to proof of loss. On the contrary, we think the trial court was warranted in finding from a preponderance of the evidence that appellee did not waive the policy requirement for proof of loss.

Wherefore, the judgment of the court below is affirmed.