### CAMP v. SCREEN BROADCASTS, Inc.

Court of Civil Appeals of Texas. Waco.

June 2, 1938.

Hubard T. Bowyer, of Dallas, and Joe S. Gambill, of Denton, for appellant.

McCombs, Andress & Johnson, of Dallas, for appellee.

ALEXANDER, Justice.

This is an appeal from an order of the trial court overruling defendant's plea of privilege to be sued in the county of his residence. The suit was against Camp, who resides in Denton county, on a written order signed by the defendant and payable in Dallas county, by which Paschall-Texas Theatres, Inc., Interstate Circuit, Inc., agreed to furnish certain series of advertising films and run same in certain theatres advertising the use of Brilliantex in the defendant's cleaning and dyeing business. The order provided that it was to become binding when accepted at the company's home office. There was nothing on the written instrument to indicate that it had ever been accepted at the home office, but there was evidence that the plaintiff, for whose benefit presumably the contract was made, had performed its part of the agreement, at least in part, by running some of the films in the theatres mentioned in the contract.

Camp testified that Brilliantex, the commodity to be advertised in the films, was a copyrighted article and that M. D. Hendrix of Oak Cliff owned the copyright, and that he (Hendrix), in granting to the defendant

the right to use said commodity, reserved the right to approve the wording to be used in connection with any advertisement thereof. He further testified as follows: "I signed this contract with the agreement with Ford and Day (agents who procured the execution of the agreement) that they would go to Mr. Hendrix at the Oak Cliff Cleaners and get the wording for the advertising, otherwise this contract was null and void, which they agreed to do." He further testified that the approval of Hendrix in the respect indicated was not secured, and that as soon as he discovered that the films were being run in the theatres mentioned in the agreement, he protested because the advertising had not been approved by Hendrix and informed the plaintiff that he would not pay for the advertising. There was no evidence whatever offered to contradict his testimony. Hendrix corroborated Camp's testimony as to the latter's limited authority to use Brilliantex, and further testified that he did not approve and was not called on to approve the advertising matter used in connection with the films in question.

■■ In order to establish a case within the provisions of sec. 5, Revised Statutes, art. 1995, Vernon's Ann.Civ.St. art. 1995, subd. 5, the plaintiff must prove that the defendant entered into a valid contract in writing, performable in the county where the suit is filed. 43 Tex.Jur. 723-864. A contract which is conditionally delivered is not effective until the condition is met. Unique Illustrating Co. v. Withers, Tex. Civ.App., 33 S.W.2d 1074; Kugle v. Traders' State Bank, Tex.Civ.App., 252 S.W. 208; Morris v. Logan, Tex.Civ.App., 273 S.W. 1019; Ligon v. Wharton, Tex.Civ. App., 120 S.W. 930. If Camp, as testified to by him, signed the writing with the understanding that it was not to become binding until Hendrix approved the wording of the advertisement, and if such approval was not secured, then under the authorities above cited the contract never became binding and the company did not have a valid contract in writing performable in Dallas county.

■ Appellees contend that since Camp was a party to the suit and an interested witness, the trial court was not required to believe his testimony, and since the court overruled his plea, we must construe the evidence in the light most favorable to the judgment and presume that the trial court did not in fact accept Camp's evidence as true. We do not think the rule above referred to should be given the effect contended for herein. It was within the power of the plaintiffs to have contradicted Camp's testimony as to the condition under which the written agreement was signed and delivered by calling as witnesses their agents, Ford and Day, who secured the execution of the agreement and who were familiar with the facts, but these witnesses were not called to testify nor was their absence otherwise accounted for. Camp's testimony was clear and unequivocal and was not in anywise impeached or discredited. In fact, he was corroborated in part by Hendrix. Under these circumstances, the trial court was not authorized to wholly disregard his evidence and to enter a judgment contrary thereto. Cochran v. Hamblen, Tex.Civ.App., 215 S. W. 374, 375; Great Southern Life Ins. Co. v. Dorough, Tex.Civ.App., 100 S.W.2d 772; Trinity Gravel Co. v. Cranke, Tex.Com. App., 282 S.W. 798; American Surety Co. v. Whitehead, Tex.Com.App., 45 S.W.2d 958. In fact, the record indicates that the trial judge did not base his judgment on a disbelief of Camp's testimony in this respect, but that the trial judge was of the opinion that the question as to whether or not the written agreement was delivered on the condition above indicated was a question that went to the merits of the case and not a matter to be considered in testing the venue of the suit. As above indicated, we are of the opinion that the burden was on the plaintiff to establish that the defendant actually entered into a valid written contract, performable in Dallas county, in order to establish the venue in that county. The question as to whether or not the written agreement was delivered subject to the condition above indicated went to the validity of the agreement and was therefore a question to be determined in deciding the venue of the suit.

The judgment of the trial court is reversed and the cause is remanded for a new trial.