**ALLSTATE INSURANCE COMPANY,**
Appellant,

v.

**Jimmy DARTER et al., Appellees.**

No. 16350.

Court of Civil Appeals of Texas.

Fort Worth.

Sept. 28, 1962.

Rehearing Denied Nov. 2, 1962.

Nelson & Sherrod and Charles Oldham, Wichita Falls, for appellant.

Peery & Wilson and James W. Jameson, Wichita Falls, for appellee Jimmy Darter.

Jones, Fillmore, Robinson & Lambert and Larry Lambert, Wichita Falls, for appellee Pioneer Casualty Co.

RENFRO, Justice.

On August 28, 1960, Jimmy Darter and Dale Welch were riding in an automobile owned by Darter but being driven by Welch. An accident occurred in which Darter re-

ceived personal injuries and his automobile practically demolished.

Darter carried an Allstate insurance policy and Welch carried a Pioneer Casualty policy.

Pioneer was notified of the collision within a few days after the accident.

■ On November 10, 1960, Darter sued Welch for damages. Pioneer filed an answer on December 12. Allstate learned of the accident 109 days after its occurrence. The suit was tried on January 23, 1961 (42 days after Allstate received notice of the accident).

Both insurance companies participated in the trial of the case.

Darter recovered judgment against Welch for the sum of $1,750 for personal injuries and $2,150 for damages to his automobile, or a total of $3,900.

The judgment became final.

On March 14, 1961, Darter brought suit against both companies, and on Nov. 17, 1961, judgment was entered for Darter against both companies for the total amount of the Welch judgment, but declared Allstate to be primarily liable to Darter.

Allstate contends that it should not be held liable for any part of the judgment because notice of the accident was not given to it by Welch as soon as practicable.

The jury was asked: "Do you find from a preponderance of the evidence that notice of the accident in question was given to Allstate Insurance Company by or for Dale Welch as soon as practicable, as that phrase is defined hereunder, under the circumstances?" The jury was instructed that "as soon as practicable", as used in the issue, meant as soon as notice would have been given by an ordinary prudent person in the exercise of ordinary care in the same or similar circumstances.

The jury answered that notice was given as soon as practicable.

It was also found by the jury that Welch did not fail and refuse to make a statement concerning the accident to Allstate, and that the citation and petition in the case of Darter v. Welch were forwarded to Allstate immediately after they were delivered to Welch.

There was evidence that neither Pioneer (Welch's insurer) nor its attorneys knew of Darter's Allstate coverage until a day or two before Allstate received notice. Welch gave prompt notice in his own Company (Pioneer), but did not know the name of Darter's insurer, did not know the coverage provided in Darter's policy, never saw the policy, and did not know he was covered thereunder.

Welch was just under 21 years of age. At the time of the accident he was stationed at Fort Sill, Oklahoma, and was not discharged from the Army until November 28, 1960.

If this were a case where Welch failed, without excuse, to give notice to his own named insurer for 109 days, the points raised would be a complete defense. Klein v. Century Lloyds, 154 Tex. 160, 275 S.W. 2d 95; Trinity Universal Ins. Co. v. Weems, Tex.Civ.App., 326 S.W.2d 302.

However, it is stated in Appleman, Insurance Law and Practice, Vol. 8, p. 54, § 4738: "An additional insured, operating an automobile with the permission of the owner, has been held to be a proper person to give notice to the insurer. Such additional insured could not be expected nor required to give notice before he knew of the existence of the policy or of the fact that he was covered thereby; * * *" and at p. 87, § 4745: "An insured's lack of knowledge of the existence of insurance excused a delay in giving notice, as a matter of law, where he was not guilty of a lack of due diligence. And an additional insured was under no duty to give notice until he had knowledge that he was covered by the policy."

In National Surety Corp. v. Wells, 5 Cir., 287 F.2d 102, it was stated that immediate notice "is treated as requiring transmission within a reasonable time considering all of the circumstances. * * * A significant circumstance * * * may be the age and capacity for understanding of the assured. So, too, may be knowledge that the coverage exists in one's favor."

Under the facts and circumstances of this case, we believe a fact issue was presented as to whether Welch gave notice to Allstate as soon as practicable under the circumstances. The issue and accompanying instruction properly presented the matter to the jury. The jury found that notice was given as soon as practicable under the circumstances.

We hold, therefore, that Allstate is liable for the amount of damages incurred by Darter for personal injuries.

■ Allstate further contends, however, that it is not liable to Darter for damages to his automobile because its policy to Darter excluded property damage to Darter's automobile.

The Allstate policy issued to Darter provided: "Part 1. * * * Coverage A—Bodily Injury Liability—* * * Coverage B—Property Damage Liability—* * *. To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of * * * B. Injury to or destruction of property, including loss of use thereof, hereinafter called 'property damage'. * * * Exclusions: This policy does not apply under this Part 1: * * * (i) to injury to or destruction of (1) property owned or transported by the insured or (2) property rented to or in charge of the insured other than a residence or private garage."

Under Part 1 the persons insured are: (1) the named insured and any resident of the same household; (2) any other person using such automobile, provided the actual use thereof is with the permission of the named insured.

The exclusions were pleaded by Allstate.

It is undisputed that Welch was driving the car with Darter's permission.

The Pioneer policy issued to Welch also excluded property damage, which Pioneer pleaded.

We agree with Allstate and Pioneer that property damage to Darter's automobile was not covered by the policies. Neither provided for collision insurance. An insured was in charge of the car and therefore excluded from coverage, and the automobile was owned by an insured, Darter, hence coverage for the property damage was excluded. Speier v. Ayling, 158 Pa. Super. 404, 45 A.2d 385; Purcell v. Metropolitan Cas. Ins. Co., Tex.Civ.App., 260 S.W.2d 134; and State Farm Mutual Automobile Insurance Co. v. Walker, Tex. Civ.App., 334 S.W.2d 458.

By cross-points Darter contends the trial court erred in failing to find that Pioneer waived or was estopped from defending under the above mentioned exclusionary provision. We have examined the entire record and find no error in said holding.

The portion of the judgment of the trial court which awarded Darter $2,150 for property damages to his automobile against Allstate and Pioneer is reversed and judgment rendered that Darter take nothing against either company for property damage.

The judgment awarding $1,750 to Darter against both companies, with Allstate primarily liable, is affirmed.

Judgment affirmed in part and reversed and rendered in part.