A. F. DREXLER, d/b/a Drexler Construction Company, Appellant,

v.

ARCHITECTURAL & COMMERCIAL SALES, a division of Bryan Building Products Company, Appellee.

No. 39.

Court of Civil Appeals of Texas.

Corpus Christi.

Feb. 6, 1964.

James R. Harris, of Fischer, Wood, Burney & Nesbitt, Corpus Christi, for appellant.

W. C. Davis, Bryan, for appellee.

SHARPE, Justice.

This is an appeal from an order of the district court of Calhoun County, Texas, sustaining the plea of privilege filed by appellee and transferring the case to Brazos County, Texas.

Appellant sued appellee for alleged breach of contract and for damages in the amount of $7,382.00. Appellee filed a plea of privilege which was duly controverted by appellant who relied upon Subdivisions 5 and 23 of Article 1995, Vernon's Ann.Tex.St. Trial was to the court without a jury.

Appellant relies upon a written proposal executed by appellee on March 28, 1963, to furnish certain materials, equipment and labor for the Harrison Elementary School Addition in Port Lavaca, Texas, for the amount of $1,526.00. Appellant alleges that

he used the said proposal of appellee in becoming the successful general contract bidder on such school job; that he accepted the same; that a binding contract was thus created, which has been breached by appellee; and that appellant was required to substitute another supplier of such materials at a cost of $7,382.00 in excess of the amount bid by appellee. Appellant contends that he has established his right to maintain venue in Calhoun County under both of Subdivisions 5 and 23 of Article 1995.

Appellee contends that the trial court correctly sustained its plea of privilege because appellant wholly failed to show a contract in writing performable in Calhoun County, and failed to show that any cause of action arose, in whole or in part, in said County.

We have concluded that the judgment of the trial court should be affirmed.

On the hearing of the plea of privilege the only two witnesses who testified were A. F. Drexler, the appellant, and Ralph Lee Schneider, sales representative of appellee Architectural & Commercial Sales, a division of Bryan Building Products Company, a corporation with its domicile in the City of Bryan, Brazos County, Texas, hereinafter ARCO.

The evidence established that on March 28, 1963, Schneider executed on behalf of ARCO a written proposal to furnish certain materials, equipment and labor for the Harrison Elementary School Addition in Port Lavaca, Texas, for the amount of $1,526.00. The principal question in this case is whether the said proposal was accepted so that it ripened into a binding contract.

The said written proposal of ARCO was addressed to "Bidding Contractors" and was furnished to several other contractors who were interested in the said school project.

One printed provision of said proposal reads as follows:

"We propose to furnish items as described, at prices stated; and, unless otherwise specified by us, under our regular conditions and terms of acceptance, which are given on the reverse side of this quotation."

On the reverse side of the proposal form under "CONDITIONS AND TERMS" the following provisions appear:

### ACCEPTANCE

"All quotations are subject to prompt acceptance and transmittal of order. Prices are subject to change without notice."

\* \* \* \* \* \*

### TERMS OF SALE

"All items subject to the approval of our credit department. This and all subsequent purchases payable in Bryan, Brazos County, Texas."

The proposal form also contained the printed words "The above proposal is accepted" and lines and spaces appear thereunder for signatures and the date. It is undisputed that appellant did not sign such acceptance or return the proposal form or a copy of it to appellee.

Appellant testified, among other things, that on March 29, 1963, the day after the said proposal was made, Schneider and another man representing a glass company assured him that they were prepared to furnish this material and labor and were given the plans and specifications after they stated that the shop drawings would be promptly furnished. Appellant said that Schneider had orally accepted the order and that appellant had written a letter confirming the order in the instant case, but the same was not offered in evidence. Appellant further testified that he had done business with ARCO on other occasions and had received quotations from it similar to the one in question; that on such occasions he submitted a purchase order on his own form. At one point appellant testified he had ordered some window units by telephone from appellee for use on a Highway Depart-

ment job, but later said that there had been a purchase order contract signed by Bryan Building Products Company pursuant to a proposal similar to the one involved in this case. Appellant conceded that he had received two bids from ARCO on the same date, one on the Harrison School and the other on the Roosevelt School, and that at a later date he discovered that the figures on such bids had been reversed. Appellee wrote appellant and his attorney a letter on April 11, 1963, in which it was pointed out that the figure on the Harrison project should have been $10,228.00 instead of $1,526.00, and the said offer was rescinded.

Schneider testified, among other things, that he had gone to appellant's office on March 29, 1963, and picked up a set of the plans and specifications on the proposal on which he assumed that he had an agreement. He said on each occasion when Drexler made a quotation which was later accepted that Drexler gave them a purchase order which his company was required to accept; and that in this case no such purchase order was furnished.

The evidence did not show as a matter of law either that Drexler had accepted the written proposal of ARCO dated March 28, 1963, or that ARCO had accepted the order of Drexler allegedly given on the day following the said written proposal.

 Findings of fact and conclusions of law were not requested or filed. We are required, therefore, to review the judgment under well settled rules, which will briefly be stated. We must assume that the trial court found every issuable fact in support of the judgment. In determining the sufficiency of the evidence to support the implied findings of the trial court we must apply the rule that if, discarding all adverse evidence, and giving credit to·all evidence favorable to the successful party, and indulging every legitimate conclusion favorable to him which might have been drawn from the facts proved, the trier of the facts might have found in his favor, then it is to be concluded that there is evidence to support the finding. Every reasonable intendment must be resolved in favor of the judgment and it should be affirmed if there is any evidence to support it upon any theory authorized by law. Banks v. Collins, 152 Tex. 265, 257 S.W.2d 97 (1953); James v. Drye, 159 Tex. 321, 320 S.W.2d 319 (1959).

 Under Subdivision 5 of Article 1995, it is necessary for a plaintiff to establish that the suit was based upon (1) an obligation in writing, (2) executed by the defendant, and performable in the county where the suit is brought, in this case, Calhoun County. Hess v. Young, 160 S.W.2d 574 (Tex.Civ.App., 1942 n. w. h.).

 Under Subdivision 23 of Article 1995, it is necessary for a plaintiff to allege and prove a cause of action against the defendant which arose in whole or in part in the county where the suit was filed. This subdivision of the venue statute does not require the contract to be in writing. The cause of action, in this case, consists of (1) the contract, (2) its breach, and (3) the right and injury thereto. Wood Motor Company v. Hawkins, 226 S.W.2d 487 (Tex. Civ.App., 1949, n. w. h.).

 The evidence adduced on the hearing of the plea of privilege is sufficient to support implied findings of the trial court that there was no acceptance by appellant of the written proposal made by appellee and also that there was no acceptance by Arco of any subsequent order by appellant. Under such implied findings there would be no obligation or contract. Camp v. Screen Broadcasts, Inc., 118 S.W.2d 398 (Tex.Civ. App.1938, n. w. h.); Fields-Shepherd v. Armitage, 159 S.W.2d 985 (Tex.Civ.App., 1942, n. w. h.); Garrett v. International Milling Co., 223 S.W.2d 67 (Tex.Civ.App., 1949, n. w. h.). Such findings would defeat venue in Calhoun County under both Subdivisions 5 and 23 of the venue statute.

The judgment of the trial court sustaining appellee's plea of privilege is affirmed.