INTERNATIONAL UNDERWRITERS INSURANCE COMPANY OF AMERICA, Plaintiff,

v.

Melba Gail SHERWOOD et al., Defendants.

Civ. A. No. 5–63–30.

United States District Court N. D. Texas, Lubbock Division.

March 26, 1964.

———◆———

Albert Smith, Lubbock, Tex., for plaintiff.

Hugh Anderson, Anderson & Edwards, Bob Huff, Huff & Bowers, Lubbock, Tex., for defendants.

FISHER, District Judge.

This is a suit for declaratory judgment brought by Plaintiff, International Underwriters Insurance Company of America, against H. A. Erdman and Melba Gail Sherwood, Defendants, seeking a finding of no coverage under an automobile liability insurance policy issued by Plaintiff to Defendant, H. A. Erdman, a resident in the City of Jerome, Idaho. The Defendant, Melba Gail Sherwood, was involved in an automobile accident collision with Defendant, H. A. Erdman, in Lubbock, Texas, February 22, 1963.

Melba Gail Sherwood filed suit in a State District Court in Lubbock, Texas, which suit was in due time removed on the grounds of diversity of citizenship to the United States District Court, Lubbock Division, Northern District of Texas.

The collision case was tried and a jury verdict returned and judgment entered in favor of Melba Gail Sherwood for $13,500.00. All parties have filed motions for summary judgment, requesting this Court to determine and declare as a matter of law, since there exists no dispute as to facts, whether or not the Plaintiff is obligated to pay said damages awarded against the insured, H. A. Erdman, under the automobile liability insurance policy then in effect. The answer to this question depends on whether or not the Plaintiff received notice of the collision "as soon as practicable", as provided by the policy and as the law of Texas requires.

Defendant Erdman's affidavit indicates that he did not notify the Plaintiff of the accident until thirty-nine (39) days later. The Plaintiff contends that this notice is not "as soon as practicable" and cites the cases of Klein, et al. v. Century Lloyds, 154 Tex. 160, 275 S.W.2d 95, Supreme Court of Texas, which majority opinion of the Court held that a period of thirty-one (31) days is too late as a matter of law, and that the question of harm or prejudice suffered by the insurer is immaterial, it not being necessary to show harm or prejudice as a prerequisite to an effective denial of coverage. Plaintiff also cites National Surety v. Diggs, Tex.Civ.App., 272 S.W.2d 604, Court of Civil Appeals case, as authority for its position.

The Diggs case presents an obvious fact situation where the insured did not comply with the contractual provision of the automobile liability policy by giving notice "as soon as practicable", in that, 104 days elapsed after the accident before notice was given and the insured offered no explanation for the delay. However, this case is also an authority for the majority view that a reasonable time within which notice must be given depends on the individual facts and circumstances of each particular case.

The case of Allstate Insurance Company v. Darter, Tex.Civ.App., 361 S.W.2d 254, Fort Worth Court of Civil Appeals, with opinion by Judge Renfro, seems to be the most recent Texas case in point. In this case the Court held in a situation of 109 days period elapsing before notice after the accident was given, that whether or not such notice was reasonable and "as soon as practicable" was a question of fact for the jury and this case seems to follow the majority view that each case must stand on the particular facts and circumstances and that time alone is not the criterion.

We now turn to the particular facts in our case which are not in dispute and which situation therefore resolves itself into a question of law. The facts in our case indicate that an affidavit made by H. L. Young, supervisor for plaintiff, and offered by Plaintiff as a true statement of the facts, indicates that the Plaintiff actually received notice on March 10th or 11th, some sixteen (16) days after the collision, Mr. Young stating that on March 10 or 11, 1963, he received a letter dated March 4, 1963, advising the company that their insured, H. A. Erdman, 817 North Fillmore, Jerome, Idaho, was involved in a collision in Lubbock, Texas on February 22, 1963, stating further that it was his job to supervise the receipt, processing, handling, adjustment and payment of claims against Plaintiff and also that it took almost a month after notification for his company to be able to identify the policy in question. The affidavit further reflected that the company was also notified of the accident in a different letter from a different source, which second letter was dated March 7th and received March 14th in the office of the insurance company. In consideration of all circumstances including mail delivery and the distance involved, this Court is of the opinion and so finds that notice of the collision was given Plaintiff "as soon as practicable" and thus in compliance with the contractual provisions of the automobile liability insurance policy and consistent with the law of Texas.

The Federal Court case, Callaway v. Central Surety & Insurance Corporation, 107 F.2d 761, a Fifth Circuit Court case, holds that notice "as soon as practicable" meant notice within a reasonable time and that notice of twenty-two (22) days after the accident was ample time for a full investigation of the case and the company was not prejudiced in any way by the delay.

The case of National Surety Corporation v. Wells, 5 Cir., 287 F.2d 102, is a very excellent case on the question of cooperation on the part of the insured in forwarding legal process but the question concerning notice of the accident was not involved. However, Judge Brown in writing the opinion did mention that the Texas rule did not require

a showing of prejudice, to wit, " * * If the condition of the policy is not satisfied, the contract is treated as breached and the assured fails, not because what he did or did not do injured the insurer, but rather because the assured did not perform his contractual obligations.", citing Klein v. Century Lloyds, 154 Tex. 160, 275 S.W.2d 95.

There is the added fact which provides for coverage under this automobile liability insurance policy and creates liability on the part of the Plaintiff; and that is the fact that the policy of insurance was issued through the Northside Insurance Agency of Jerome, Idaho, to H. A. Erdman and Zella Erdman of Jerome, Idaho, thus creating a contract in the State of Idaho and its performance to pay on behalf of the insured "all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death, at any time resulting therefrom, sustained by any person, caused by acccident and arising out of the ownership, maintainance, or use of the automobile, as between the insurance company and its insured", was to be carried out in the State of Idaho. The case of Leach v. Farmer's Auto Insurance, 70 Idaho 156, 213 P.2d 920, held that "[v]iolations of conditions by the assured will not release the insurer unless it is prejudiced by the violation." In other words, the Supreme Court of Idaho holds that two things are necessary to avoid the coverage provided in an automobile liability insurance policy in Idaho, to wit, (1) that notice of the accident was not given "as soon as practicable", and (2) that the insurance company was prejudiced thereby.

We are of the opinion that the insurance contract involved in this case must be construed under the laws of the State of Idaho. However, whether the insurance contract is construed under the laws of Texas or of Idaho, it is clear that timely and proper notice of the collision was given to the Plaintiff, and there is no contention that Plaintiff has suffered any harm or prejudice by the notice given.

The Court therefore denies Plaintiff's motion for summary judgment and grants Defendants' motion for summary judgment, declaring that Defendant, H. A. Erdman, is covered by said automobile liability insurance policy and that same is valid and enforcible in every respect and that Plaintiff is liable under the terms of performance.

Judgment will be entered for Defendants sustaining their motion for summary judgment.

This memorandum opinion will constitute the Findings of Fact and Conclusions of Law herein.

The Clerk will notify counsel.