**AMERICAN GUARDIAN INSURANCE COMPANY, Appellant,**

v.

**Lela B. RUTLEDGE, a Widow, Appellee.**

**No. 199.**

Court of Civil Appeals of Texas.

Tyler.

May 19, 1966.

Rehearing Denied June 16, 1966.

John F. Maxfield, Stigall & Maxfield, Dallas, for appellant.

Coy Johnson, Smith & Johnson, Sulphur Springs, for appellee.

DUNAGAN, Chief Justice.

This suit was filed on the 10th day of November, 1964, in the District Court for the 62nd Judicial District of Hopkins County, Texas, by Lela B. Rutledge, appellee, against appellant, American Guardian Insurance Company, to recover a sum alleged to be due under a hospital and surgical expense insurance contract between appellee and appellant.

In the trial court, Lela B. Rutledge was plaintiff and American Guardian Insurance Company the defendant. Hereafter, the parties will be referred to as they were designated in the trial court.

After the filing of plaintiff's original petition, defendant filed its original answer which contained a general denial and set up in Paragraph 2 thereof the following affirmative defenses: that plaintiff failed to give written notice to the defendant within twenty days after the occurrence or commencement of the loss on which claim was based as covered by the policy or as soon thereafter as was reasonably possible; that plaintiff failed to furnish insurer with affirmative proof of loss within ninety days after the date of loss for which claim was made, or as soon as reasonably possible as required by the terms of the policy.

The plaintiff in her second supplemental petition specially denied the allegations in Paragraph 2 of defendant's original answer and pled that plaintiff's failure to give notice of claim was caused by her not being physically able to give written notice of claim and that notice was given as soon as it was reasonably possible. Plaintiff in said supplemental petition further pled that she was not physically able to give a written proof of loss to the defendant, but that said proof of loss was timely given to the defendant by the Hopkins County Memorial Hospital and by Mrs. Sybil Jones, acting for the plaintiff.

The plaintiff, Lela B. Rutledge, a widow, is a resident of Sulphur Springs, Hopkins County, Texas, who is in her late seventies. She does not have any relatives in Sulphur Springs and only has distant relatives who live in Dallas, Texas. On December 1, 1961, American Empire Life Insurance Company issued to Mrs. Rutledge a hospitalization policy which was assumed by American Guardian Insurance Company in January, 1963. Mrs. Rutledge paid her premiums on the policy and it was in full force and effect on the date she entered the Hopkins County Memorial Hospital, December 13, 1963, and it was so stipulated by the parties. She was hospitalized for a fractured hip which was surgically repaired

with a 3¼ x 3½ inch neufeld nail being driven into place. She remained in the hospital until April 25, 1964, a period of 134 days, during which time in addition to receiving treatment for the broken hip, she was treated for poor nutritional status, wide-spread arthritis, general arteriosclerosis, pneumonia, and a series of light strokes, with recurrent urinary tract infections. A friend, Sybil Fay Jones, who visited her during the period she was in the hospital, testified that Mrs. Rutledge's condition was such in the hospital that she was unable to do more than write her name. Plaintiff's condition was such that she received 129 injections of narcotics in addition to $774.50 worth of drugs while confined at the hospital.

When released from the hospital, she was carried to a nursing home where she remained almost eight months before being transferred to her home in Sulphur Springs. At the time of trial, she was still unable to get out of the house without assistance and her neighbors took care of her and prepared her food.

The matter was submitted to the court without benefit of a jury, and judgment was rendered for plaintiff on the 1st day of July, 1965, for $522.70. Defendant timely gave notice of appeal to such judgment, and same is now before this court for its review.

The defendant bases its appeal solely on the ground that it did not timely receive the notice of claim within twenty days after the commencement of the loss and did not timely receive the proof of loss within ninety days after the loss.

Mrs. Sybil Jones testified as follows concerning the preparation of plaintiff's claim for loss:

"* * *

"Q Do you of your own personal knowledge—and we don't want to get into hearsay— but of your own personal knowledge, do you know whether there was a claim filed or prepared to be filed for Mrs. Rutledge's stay in the hospital?

"A Yes.

"* * *

"Q Do you know or were you there when a claim was prepared for Mrs. Rutledge?

"A. Yes.

"Q Where was it filled out?

"A In the office at Memorial Hospital.

"Q D'd you help with preparing this claim and answering questions?

"A As best I could.

"* * *

"Q Do you know about when this was?

"A It was the next day or two that she left the hospital.

"Q And would that be the latter part of April?

"A It sure would.

"* * *

"Q Mrs. Jones, I believe you stated or did you, I will ask you whether you took care of the business as she told you specifically what to do, is that correct?

"A That's right."

Mrs. Elizabeth Mitchell, who was an employee of Hopkins County Memorial Hospital whose title was insurance clerk, testified:

"* * *

"Q Now Mrs. Mitchell, do you remember a patient that you had out there by the name of Mrs. Lela B. Rutledge?

"A Yes sir.

"Q Is it part of your job to fill our insurance claims?

"A Yes sir it is.

"Q   Do you know from your own personal knowledge whether you filled out an insurance claim on a hospitalization policy of Mrs. Rutledge?

"A   Yes sir.

"Q   Could you tell the court about when you filled this out and mailed it in or if you mailed it in?

"A   Oh about the latter part of April I believe it was.

"Q   Do you know was it sent to the company or mailed to the company?

"A   Yes sir."

It is undisputed that plaintiff was released from the hospital on April 25, 1964.

The undisputed evidence shows that the defendant received written notice of plaintiff's claim and proof of loss on the 29th day of May, 1964, after which defendant wrote plaintiff and said hospital on the 23rd day of June, 1964, declining to pay the claim because of the late notice.

The policy provisions and conditions in issue are as follows:

"NOTICE OF CLAIM: Written notice of claim must be given to the Company within twenty days after the occurrence or commencement of any loss covered by the policy, or as soon thereafter as is reasonably possible.  Notice given by or on behalf of the Insured or the beneficiary to the executive office of the Company at Austin, Texas, or to any authorized agent of the Company, with information sufficient to identify the insured, shall be deemed notice to the Company.

"PROOF OF LOSS: Written proof of loss must be furnished to the Company at its said office in case of claims for loss within ninety days after the date of such loss.  Failure to furnish such proof w'thin the time required shall not invalidate nor reduce any claim if it was not reasonably possible to give proof within

such time, provided such proof is furnished as soon as reasonably possible and in no event, except in the absence of legal capacity, later than one year from the time proof is otherwise required."

The above quoted provisions found in said policy of insurance are required by Article 3.70–3(A) (5) and (7), Insurance Code of 1951, Vernon's Annotated Civil Statutes.

■   Mrs. Rutledge having been released from the hospital on April 25, 1964, and the undisputed proof having shown that the defendant received the proof of loss on May 29, 1964, therefore the proof of loss was received by appellant well within the ninety-day period since it was received 34 days after plaintiff was released from the hospital.

Article 3.70–3(A) (7), "Insurance Code" V.A.C.S., Vol. 14, reads as follows:

"Proofs of Loss: Written proof of loss must be furnished to the insurer at its said office in case of claim for loss * * * *within ninety days after the termination of the period for which the insurer is liable* * * *.  Failure to furnish such proof within the time required shall not invalidate nor reduce any claim *if it was not reasonably possible to give proof within such time, provided such proof is furnished as soon as reasonably possible;* * * *" (Emphasis ours).

We think the proof of loss was timely filed.  Moreover, under the facts and circumstances the proof of loss was filed as soon as reasonably possible.  In the case of Mercury Life Insurance Company v. Parker, 354 S.W.2d 677 (Tex.Civ.App.) 1962, n.w.h., the court said:

"Plaintiff was released from the Omaha hospital on June 9, 1956 and, under the terms of the policy, she had ninety days thereafter within which to file proof of loss.  * * *"

The notice for which appellant is relying is the provision for notice of claim contained in the policy requiring written notice to be given within twenty days after the occurrence or commencement of any loss covered by the policy or *as soon thereafter as is reasonably possible.*

In Mercury Life Insurance Company v. Parker, supra, we also find this statement by the court:

"\* \* \* If it is not affirmatively shown that the notice of the illness was furnished defendant within ten days after the commencement of disability from such sickness, it is, we believe, conclusively shown that such notice was furnished while plaintiff was still in the hospital and while she was still suffering from the disabilities of such illness, from which facts it may be concluded that it was not reasonably possible for plaintiff to furnish notice to defendant of her sickness within ten days after the commencement of disability therefrom, and that such notice was given as soon as was reasonably possible in accordance with the terms of the policy."

■ Reasonable time within which notice of the occurrence or commencement of any loss covered by the policy must be given by insured to insurer depends on individual facts and circumstances of each particular case. International Underwriters Insurance Company of America v. Sherwood. 228 F.Supp. 465 (D.C.1964); 18 A.L.R.2d 466; Simmons v. Western Indemnity Co., 210 S.W. 713 (Tex.Civ.App.) 1919, n.w.h.; Meers v. Frick-Reid Supply Corporation, 127 S.W.2d 493 (Tex.Civ.App.) 1939, writ dism., judg. corr.; Ridglea Interests, Inc. v. General Lumber Company, 343 S.W.2d 490 (Tex.Civ.App.) 1961, writ ref., n.r.e.; Clevenger v. Potlatch Forests Inc., 85 Idaho 193, 377 P.2d 794, 799, 1963.

■ That which constitutes a reasonable time is a question of fact or, at least, a mixed question of law and fact and depends upon the circumstances surrounding the case

which the principle is sought to be applied. What would be a reasonable time in one case might be wholly inadequate to shut off the rights of parties in a different case or under different circumstances. Meers v. Frick-Reid Supply Corporation, supra; Houston & T.C.R. Co. v. Roberts, 101 Tex. 418, 108 S.W. 808; Armstrong v. Federal Supply Co., 17 S.W.2d 170 (Tex. Civ.App.) 1929, n.w.h.; Simmons v. Western Indemnity Co., supra; Allstate Insurance Company v. Darter, 361 S.W.2d 254 (Tex.Civ.App.) 1962, n.w.h.; International Underwriters Insurance Company of America v. Sherwood, supra.

The court stated in Texas Life Ins. Co. v. Sharp, 146 S.W.2d 447 (Tex.Civ.App.) 1941, n.w.h., that:

"\* \* \* In this connection we do not wish to be understood as holding that the impairment of the mind is always essential to excuse the failure to submit notice and proof of disability. Violent physical suffering, suffering so intense as to free the insured of negligence in failing to furnish the proof, might in some instances relieve the insured of such duty for a time. Nor is the rule excusing the insured limited always to physical or mental suffering and disability. The delay or failure to furnish the proof might be due to providential circumstances beyond human control and sufficient in themselves to excuse the delay. \* \* \*"

See also Texas Life Ins. Co. v. Sharp, 159 S.W.2d 951 (Tex.Civ.App.) 1942, writ ref., want of merit.

In National Surety Corporation v. Wells (5th Cir.), 287 F.2d 102, it was stated that immediate notice "is treated as requiring transmission within a reasonable time considering all the circumstances. \* \* \* A significant circumstance \* \* \* may be the age and capacity for understanding of the assured. \* \* \*" See also Whitehead v. National Casualty Company, 273 S.W.2d 678 (Tex.Civ.App.) 1954, writ ref.

Findings of fact and conclusions of law were not filed or requested. Therefore, in the absence of any findings of fact, as in this case, it must be presumed upon appeal that the trial court resolved all issuable facts in such manner as to support the judgment appealed from, and if there is proper evidence in the record to sustain the judgment on any theory raised by the pleadings, it should not be disturbed by an appellate court. Williams v. Bankers Fire and Marine Insurance Co., 277 S.W.2d 742 (Tex.Civ.App.) 1955, writ dism.; Nortex Oil & Gas Corporation v. Clark, 369 S.W.2d 671 (Tex.Civ.App.) 1963, n.w.h.; Bishop v. Bishop, 359 S.W.2d 869, (S.Ct.) 1962; Drexler v. Architectural & Commercial Sales, 375 S.W.2d 550 (Tex.Civ. App.) 1964, n.w.h.

The evidence clearly shows that written proof of loss was given to defendant during the period of time required by the policy, as it was shown to have been given within ninety days after the termination of the period for which the insurer was liable. Even though plaintiff did not file written notice of claim with defendant within twenty days after the occurrence or commencement of her loss, from the record before us, considering all the facts and circumstances, the age, physical condition and the physical suffering of plaintiff during her lengthy confinement to the hospital and thereafter while confined to a nursing home, we cannot say there was no evidence in this case showing or tending to show that appellant did not file notice of claim as soon thereafter as was reasonably possible or that the circumstances and evidence were insufficient to support an implied finding of fact to that effect.

Judgment of the trial court is affirmed.

## ON MOTION FOR REHEARING

Appellant in its motion for rehearing states:

"In evaluating the situation whereby the matter in issue in this cause arose we must keep in mind certain important facts:

"(1) That from the 13th day of December, 1963, the claim in issue was the property and responsibility of Hopkins County Memorial Hospital and Doctor Steve Longino because on such date Mrs. Lela B. Rutledge through her agent, Mrs. Sybil Jones signed her portion of the claim form and assigned the claim to the Hospital and Doctor. Because of this fact the condition of Mrs. Rutledge through the period in issue is of no importance."

The assignment of benefits to the Hopkins County Memorial Hospital and Dr. Steve Longino shows the signature of Lela B. Rutledge by Sybil Jones, and bears the date of 12/13/64. It is apparent that the assignment to the hospital and Dr. Longino was executed several months subsequent to May 29, 1964, the date the appellants admits first receiving Mrs. Rutledge's claim.

Appellant further says "the evidence that was introduced showed that the claim form was completed by the insurance agent even before the insured had surgery (S.F. Pg. 10)." The statement of Dr. Bernard E. McConnell (D. Exhibit 3) shows the surgery to have been performed December 16, 1963.

We have re-examined page 10 of the Statement of Facts and find that Mrs. Jones testified that the signatures to the assignment of benefits to the Hopkins County Memorial Hospital and Dr. Steve Longino and the claim form are her signatures and that she signed for Mrs. Rutledge, all of which appears as a part of defendant's Exhibit 1. The claim form also shows the signature of Lela B. Rutledge by Sybil Jones, but does not show the date the claim was executed. However, as shown in our original opinion, Mrs. Jones testified that it was filled out the next day or two after Mrs. Rutledge left the hospital which was on April 25, 1964.

Remaining convinced of the correctness of our disposition of this case in our original opinion, appellant's motion for rehearing is overruled.