**J. C. ATTEBERRY et ux., Appellants,**

v.

**ALLSTATE INSURANCE COMPANY,
Appellee.**

**No. 6110.**

Court of Civil Appeals of Texas,
El Paso.

Nov. 25, 1970.

Rehearing Denied Dec. 30, 1970.

Max E. Ramsey, Dan Sullivan, Andrews, for appellants.

James G. Noland, Harrell Feldt, Midland, for appellee (Stubbeman, McRae, Sealy, Laughlin & Browder, Midland, of counsel).

OPINION

PRESLAR, Justice.

This is a suit for recovery of medical expenses alleged to be due under an insur-

ance policy covering the plaintiff-appellants' automobile. At the conclusion of the presentation of evidence by both parties, the trial court directed a verdict for the defendant-appellee, Allstate Insurance Company. We are of the opinion that a verdict should not have been directed, for the reason that a fact question existed for the jury to determine on the question of whether notice was given by the insured within the time required by the policy. Specifically, we sustain appellants' Point of Error number Five and remand the cause to the trial court for another trial.

Following their purchase of a car, appellants J. C. Atteberry and wife, Ella O. Atteberry, journeyed from their home in Andrews, Texas, to the Sears store in Odessa and went to the Allstate Insurance booth in that store and made application for a policy of insurance on their car. The Allstate agent, one Riley Cross, received their money for six months' premiums and issued to them a Binder of Coverage. Some two weeks later they received through the mail what is described as a "Dec Sheet", being declarations in summary form of their coverage, and it is their testimony that they never received the policy itself, while the insurance company's witnesses testified that such declarations sheet was attached to the policy prior to mailing. The application was made on June 5th, and on July 13th Mrs. Atteberry was involved in an accident with another car. It is the Atteberry's testimony that on July 15th they again journeyed to the Sears store in Odessa to report the accident; that they again went to the Allstate booth, did not find Riley Cross there, but another man was behind the counter in the booth and he made a notation of such information as they gave him and told them he would give it to Riley Cross. Several days later, Mrs. Atteberry tried to call Riley Cross, but never reached him. On November 7th they took the declaration sheet to their at-

torney, whom they had previously engaged to bring suit against the other driver, and on that same date he wrote Allstate that Mrs. Atteberry was injured on July 13th, and requested claim forms. Response from Allstate was a disclaimer of liability under the policy "because of your failure to comply with policy conditions entitled 'Notice of Accident' * * *". This suit was then brought seeking recovery under the medical benefits provisions of the policy. As indicated, the court withdrew the case from the jury and granted Allstate's motion for judgment on the asserted defense of failure of the insured to comply with the notice provisions.

The policy provided:

"Notice.

In the event of an accident, occurrence or loss, written notice containing particulars sufficient to identify the insured and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given by or for the insured to the company or any of its authorized agents as soon as practicable."

By other provisions of the policy, the giving of notice was made a condition precedent to the bringing of action against the insurer.

The question before us is whether the facts of this case establish as a matter of law that notice was not given as soon as practicable. The phrase, "as soon as practicable", not being a time certain, its determination naturally rests in the surrounding facts of the particular occasion. Such an evaluation of the detailed evidence, to reach a conclusion as to what is the ultimate fact, is ordinarily a jury function, and courts have said in numerous cases that ordinarily it is a fact question as to

whether notice was given as soon as practicable. Ordinarily it is a fact question, but cases abound in which it was held, as in this case, that the facts were such that no question exists. Cases so holding are reviewed in Central Surety & Insurance Corp. v. Anderson, Tex.Civ.App., 439 S. W.2d 372, reversed by the Supreme Court on a point not involved here, 445 S.W.2d 514 (1969), and repeated in the substituted opinion following remand in 446 S.W.2d 897 (Tex.Civ.App., Ft. Worth). Such cases involved notice delays of 32 days, to two years and four months, respectively, while the *Anderson* case held that a delay of two years and ten months was timely under the facts and circumstances of the case with the policy requirement being "as soon as practicable." That holding was expressly affirmed by the Supreme Court. The point is, the number of days, months or years is not the criteria, but, as said by the Court in *Anderson,* such cases "make clear that an unexcused delay or delay because of a flimsy excuse entitles the insurance company to judgment as a matter of law since delays of that type violate the 'soon as practicable' provisions and are deemed as not having been reasonably given, and reasonable time depends on the facts and circumstances of each particular case." Cases were also noted which held that what would be reasonable time in one case might be wholly inadequate to shut off the rights of parties in a different case or under different circumstances. Continental Casualty Co. v. King, Tex.Civ.App., 423 S. W.2d 395 (n. r. e.); American Guardian Ins. Co. v. Rutledge, Tex.Civ.App., 404 S. W.2d 847 (n. w. h.). We further agree with the *Anderson* holding that, in determining whether an insured has given notice within reasonable time, all the circumstances are considered including, but not confined to, age, experience, capacity for understanding, and knowledge that coverage exists in one's favor. In Allstate Insurance Company v. Darter, Tex.Civ.App., 361 S.W.2d 254 (n. w. h.), approval was given to a jury instruction that "as soon as

practical" meant as soon as notice would have been given by an ordinary prudent person in the exercise of ordinary care in the same or similar circumstances.

In reviewing the evidence in this case we must view it in the light most favorable to the plaintiffs, disregarding all conflicts and indulging in every intendment reasonably deducible from the evidence in favor of the plaintiffs, since this is an appeal from a directed verdict for the defendant. Jones v. Nafco Oil and Gas, Inc., 380 S. W.2d 570 (Tex.1964).

We agree with appellee that appellants must recover on the policy of insurance, if they are to recover at all, and not on the Binder or declarations sheet, alone or together; also, that they must be bound by the obligations of the policy along with accepting its benefits. But they are not seeking to avoid the notice provision; rather, the question is the timeliness of the notice. They did give notice, but did they give it as soon as required? If the appellants had no knowledge of the notice provision, received no policy, as a jury could have believed, then their situation would be analogous to cases where there was no knowledge of coverage. Both *Darter* and *Anderson* quote from Appleman, Insurance Law and Practice, Vol. 8, p. 87, § 4745: "'An insured's lack of knowledge of the existence of insurance excused a delay in giving notice, as a matter of law, where he was not guilty of a lack of due diligence.'" No knowledge of coverage was involved in *Anderson,* but decision rested on all the facts and circumstances rather than as a matter of law. Under the facts and circumstances of this case we believe a fact issue was presented as to whether the insured gave notice to the insurer as soon as practicable. Sufficiency of the notice is not involved, because the insurer denied liability following receipt of the attorney's letter of November 7th, and thus made further compliance with the policy provisions unnecessary.

Two days after the accident, the Atteberry's went to the same booth in the Sears store where they had purchased the policy of insurance, for the purpose of reporting the loss. The Binder issued to them, and the Allstate agent who issued it, told them that help was as near as the telephone: "He said if you ever need any help or anything, just call me." Riley Cross testified that it was not unusual for people to report their losses to the same agent or place where their insurance was purchased. On the occasion of this visit, they found a man behind the counter of this same booth, who asked if he could help them, answered their queries about Riley Cross, answered the telephone while they were there, made some notation of such information as they gave him, and said he would pass it on to Cross and have him get in touch with them. Several days after that visit, Mrs. Atteberry placed a call for Riley Cross, was told that he was out, and left word for him to call her. She testified that she relied on the representations that help was as near as the telephone, and when asked if she was able to write during the six weeks following her accident, she stated: "I suppose I could, but let me tell you this. The reason I didn't is because that man over there said he would get in touch with Mr. Riley Cross and he could give me the papers and things to fill out." The evidence is that Mrs. Atteberry had an eleventh-grade education, had worked in a factory, had done cafe and home nursing work, and had not worked outside the home since 1963. The evidence also shows that the attorney was not given the declarations sheet until November 7th, the day he gave written notice. That was 116 days after the accident, and we are of the opinion that a fact question is presented as to the timeliness of such notice.

The cause is reversed and remanded for another trial.

FRASER, C. J., and WARD, J., concur.