Johnny **LOPEZ**, Appellant,

v.

**ROYAL INDEMNITY CO.**, Appellee.

No. 15192.

Court of Civil Appeals of Texas, San Antonio.

May 30, 1973.

Rehearing Denied June 27, 1973.

**943**

lant breached the terms of said policy by failing to give written notice as soon as practicable.

The material facts are largely undisputed. On February 16, 1970, an automobile owned and operated by appellant was involved in a collision with an automobile driven by Harold Ushery. At this time, appellant was insured with a family automobile liability policy issued by appellee, and Part IV thereof provides coverage for "Protection Against Uninsured Motorists." Ushery's automobile was insured under an automobile liability policy issued by Dealers National Insurance Company. Appellant employed an attorney who asserted a claim against Dealers National to recover damages for the personal injuries sustained as a result of the negligence of Ushery.

In early August, 1970, a settlement was agreed upon by the attorney for appellant and the adjuster representing Dealers National. Before the settlement could be consummated, Dealers National was placed into receivership. Shortly after learning of the insolvency of Dealers National, the attorney for appellant advised appellee by his letter of September 4, 1970, which was received on September 11, 1970, that appellant would pursue a claim under the uninsured motorist coverage. This letter was the first notice of the accident of February 16, 1970, received by appellee, and the claim was promptly rejected by appellee because notice was not given as soon as practicable.[1]

Texas courts are committed to the proposition that the notice provision in an automobile liability policy is a condition precedent to liability, irrespective of the question of harm or prejudice to the insurer. Members Mutual Insurance Company v. Cutaia, 476 S.W.2d 278 (Tex.1972); Klein v. Century Lloyds, 154 Tex. 160, 275 S.W.2d 95 (1955); New Amsterdam Casualty Co. v. Hamblen, 144 Tex. 306, 190 S.

Tinsman & Houser, San Antonio, for appellant.

Loyd E. Bingham, House, Mercer, House, Brock & Wilson, San Antonio, for appellee.

BARROW, Chief Justice.

This is an appeal from a take-nothing summary judgment in appellant's suit to recover under the uninsured motorist coverage of the automobile liability policy issued him by appellee. Recovery was denied upon appellee's contention that appel-

---

1. It is not here disputed that Ushery is an uninsured motorist within the terms of Article 5.06–1(2) of the Insurance Code, Vernon's Tex.Rev.Civ.Stat.Ann. (1972–73 Supp.), because of the insolvency of Ushery's liability insurance carrier.

W.2d 56 (1945). Therefore, the question before us is whether the summary judgment proof establishes as a matter of law that appellant did not give appellee notice as soon as practicable. See Great American Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41 (Tex. 1965).

Condition 3 of appellee's policy provides in part: "In the event of an accident, occurrence or loss, written notice containing particulars sufficient to identify the insured and also reasonably obtainable information with respect to the time, place and circumstances thereof . . . shall be given by or for the insured to the company or any of its authorized agents as soon as practicable."

Condition 9, which relates specifically to Part IV, requires the insured, or other person making claim under the uninsured motorist coverage of the policy, to furnish to the company as soon as practicable, written proof of claim including the nature and extent of the injuries, treatment, and other details entering into the determination of the amount payable.

Condition 6 contains a provision that no action shall lie against the company under Parts II, III and IV unless, as a condition precedent thereto, there shall have been full compliance with all the terms of the policy.

Ushery's insurance carrier was not insolvent at the time of the accident, and appellant's claim under the uninsured motorist coverage of the policy did not arise until after Ushery's carrier became insolvent. Thus, a fact issue is raised, at the very least, that appellant gave notice of his claim under Part IV as soon as practicable and thereby complied with Condition 9 of the policy.

We have serious doubts over the applicability of the general notice provision of Condition 3, since Condition 9 relates specifically to uninsured motorist coverage. Cf. Allen v. Western Alliance Insurance

Co., 162 Tex. 572, 349 S.W.2d 590 (1961). In Doyle v. United Services Automobile Association, 482 S.W.2d 849 (Tex.1972), the Supreme Court expressly reserved the question of its applicability. Assuming arguendo applicability of Condition 3, a fact question is raised as to whether appellant gave such notice as soon as practicable.

A very similar situation was considered in Thomas v. Grange Insurance Association, 5 Wash.App. 820, 490 P.2d 1316, 1319–1320 (1971). In rejecting the insurer's contention that Thomas did not comply with the general notice condition, the Court said:

"No purpose of the conditions in the uninsured motorist endorsement provision of respondent's [Thomas] insurance policy would be served by an attempt on respondent's part to comply with them prior to any reasonable expectation of the existence of an uninsured motorist. Further, such conditions would become operative only when the insured, acting as a reasonably prudent person, believed that he would have an uninsured motorist claim, and there is nothing in the record to indicate that respondent did not comply with the conditions, insofar as practicable, when he did have reason to believe he would have such a claim, namely, when he discovered the insolvency of the tortfeasor's insurance carrier."

The Court reasoned that such holding is analogous to the "discovery rule" in medical malpractice cases as relating to foreign substances or articles left in a body. Furthermore, such conclusion is supported by general insurance rules. See Couch, Insurance, Sec. 49:136 (2d ed. 1965). The Court did not find it necessary to retreat from the Washington rule that lack of prejudice to the insurer is immaterial where insured does not comply with a condition precedent to recovery under the policy.

The holding of the Washington court is very persuasive because Texas courts recognize and apply the same rules enunciated

in *Thomas*. The "discovery rule" was adopted in actions where a physician leaves a foreign object in the body of his patient in Gaddis v. Smith, 417 S.W.2d 577 (Tex. 1967), and extended to malpractice cases arising from vasectomy operations in Hays v. Hall, 488 S.W.2d 412 (Tex.1973). Furthermore, in Atkins v. Crosland, 417 S. W.2d 150 (Tex.1967), a cause of action against an accountant for negligence in preparation of a tax return did not accrue until assessment of deficiency by the Internal Revenue Service.

In Texas Glass & Paint Co. v. Fidelity & Deposit Co., 244 S.W. 113 (Tex.Comm'n App.1922, jdgmt adopted), the Court held that it would be unreasonable to require the insured to report such occurrences as would appear to have no reasonable relation to the subject matter of the policy, or not at all likely to result in any claim or liability. It was pointed out, however, that determination of the question of whether the occurrence should be reported should not be left solely to the discretion of the insured. The Court there affirmed on the basis of an implied fact finding adverse to insured. See also: Yorkshire Indemnity Co. v. Roosth & Genecov Production Co., 252 F.2d 650 (5th Circuit 1958).

The same principle has been applied in support of holdings that lack of knowledge of coverage is a good excuse for failing to give timely notice of an accident. Atteberry v. Allstate Insurance Co., 461 S.W.2d 219 (Tex.Civ.App.—El Paso 1970, writ ref'd n. r. e.); Allstate Insurance Company v. Darter, 361 S.W.2d 254 (Tex.Civ. App.—Fort Worth 1962, no writ).

We conclude that under the summary judgment record before us, a fact issue is raised as to whether appellant, as a matter of law, breached the terms of the policy by not giving appellee notice of the accident and of his claim under the uninsured motorist coverage before appellant's letter of September 4, 1970. Therefore, the court erred in granting the take-nothing judgment.

The judgment of the trial court is reversed and the cause remanded.